# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. GARCIA, | 1:09-cv-01828-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D. ADAMS, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the instant petition, Petitioner challenges the validity of his 2000 conviction and his sentence claiming the trial court violated the United States Supreme Court decision in Cunningham v. California, 549 U.S. 270 (2007) in imposing an upper term sentence and consecutive terms.

A review of the Court's dockets and files shows Petitioner has previously sought habeas corpus relief with respect to this conviction. In case number 1:05-cv-00122 OWW YNP (HC), Petitioner raised several claims for relief with respect to his 2000 conviction.[1] On September 10, 2007, the petition was denied on the merits and judgment was entered. The United States Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability.

---

[1] The Court takes judicial notice of the docket in case number 1:05-cv-00122-OWW-YNP (HC). Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

1

DISCUSSION

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Accordingly, because the prior petition was adjudicated "on the merits", the instant petition is a "second or successive petition" under § 2244(b) which must be dismissed, without prejudice, to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.  The instant petition for writ of habeas corpus be DISMISSED, without prejudice, as a successive petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 9, 2009**              /s/ Dennis L. Beck
                                                      UNITED STATES MAGISTRATE JUDGE